UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS, <br>     Plaintiff, <br> v. <br> J. VANGILDER, et al., <br>     Defendants. | Case No.16-cv-00735-HSG <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. No. 59 |

Pending before the Court is a motion for judgment on the pleadings by Defendants S. Cupp, J. Cuske, D. Melton, K. Ohland, J. Vangilder, and J. Vasquez. Dkt. No. 59. For the reasons set forth below, the Court **DENIES** Defendants' motion.[1]

## I. BACKGROUND

### A. Factual Allegations

For purposes of this motion, the Court takes the following allegations of fact to be true. Plaintiff Daniel Cisneros is incarcerated in the "C-pod" at Pelican Bay State Prison ("Pelican Bay"). Dkt. No. 55 (First Amended Complaint, or "FAC") ¶ 14. Defendants are employees at Pelican Bay. *See id.* ¶¶ 8-13. Plaintiff alleges that sometime after 3:00 p.m. on June 4, 2015, Vangilder and Vasquez were inside a control booth which connects to the C-pod, "horse-playing" with a "military-grade" grenade "designed to rapidly disperse oleoresin capsicum ('OC') into the air." *See id.* ¶¶ 14-17. OC is known to cause pain on contact. *See id.* ¶ 16. Vangilder subsequently dropped the grenade, which "caused it to detonate and release a noxious cloud of OC into the control booth, D-Pod, and C-Pod where [Plaintiff] was housed." *Id.* ¶ 20. Upon being

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

exposed to the OC, Plaintiff began coughing, gagging, and choking, in addition to experiencing an "excruciating burning" on his skin, and in his eyes, nose, mouth, throat, and lungs. *See id.* ¶ 19.

Plaintiff alleges that Vangilder and Vasquez ignored his and the other affected prisoners' calls for help, and instead "focused on decontaminating themselves" and obtaining medical care. *See id.* ¶¶ 22, 25. Plaintiff further alleges that Vangilder and Vasquez did not close the control booth windows to contain the OC, evacuate or ventilate the pods, show Plaintiff how to decontaminate himself, or provide him with access to medical care. *See id.* ¶¶ 24-25. Defendants Cupp, Cuske, Ohland, and Melton were informed of the incident, and Cupp, Cuske, and Ohland went to the scene of the detonation shortly thereafter. *Id.* ¶ 26. When they arrived, they ignored calls for help by Plaintiff and the other prisoners, and did not "instruct their respective subordinates to ventilate the pods, assist the prisoners with decontamination of their persons and cells, and provide the prisoners with access to medical care." *Id.* ¶ 27.

Plaintiff's pod "remained contaminated with OC" for several hours following the detonation, *id.* ¶ 28, and as of 9:00 p.m. that night, "the pods still had not been ventilated, none of the prisoners had been allowed to decontaminate themselves, their cells, or their belongings and none of the prisoners had been allowed medical attention," *id.* ¶ 32.

### B. Procedural Posture

Plaintiff filed the FAC on December 1, 2017.[2] As relevant here, Plaintiff alleges battery against Vangilder and Vasquez. *See* FAC ¶¶ 34-37. Defendants answered on December 13, 2017. Dkt. No. 58. On April 26, 2018, Defendants filed a motion for judgment on the pleadings. Dkt. No. 59 ("Mot."). Plaintiff filed his opposition on May 17, 2018, Dkt. No. 72 ("Opp."), and Defendants replied on May 23, 2018, Dkt. No. 73 ("Reply").

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Granting a judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to

---

[2] This case is related to *Falla v. Ducart*, No. 16-cv-0869-HSG (PR), *Manriquez v. Vangilder*, No. 16-cv-01320-HSG (PR), and *Chaidez v. Vangilder*, No. 16-cv-1330-HSG (PR). Dkt. No. 29.

judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)) (internal quotation marks omitted).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(a) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**III.    DISCUSSION**

Defendants move to dismiss Plaintiff's battery claim against Vangilder and Vasquez under Rule 12(c), contending that Plaintiff "fails to allege factual content pointing to the necessary intentional action." *See* Mot. at 3. The Court disagrees.

"The elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27 (2009). "[T]he element of intent is satisfied if the evidence shows defendant acted with a 'willful disregard' of the plaintiff's

3

rights." *Ashcraft v. King*, 228 Cal. App. 3d 604, 613 (1991) (citing *Lopez v. Surchia*, 112 Cal. App. 2d 314, 318 (1952)); *see also Lopez,* 112 Cal. App. 2d at 318 ("In order to establish a case of civil assault and battery, all that is necessary is that the evidence show that plaintiff's injury was caused by defendant's violence, or that defendant acted with wanton, willful or reckless disregard of plaintiff's rights.").

As pertinent here, Plaintiff alleges that Vangilder and Vasquez were "horse-playing" with a "military-grade" grenade, designed to release a painful chemical, in a confined space that connected to Plaintiff's pod. *See* FAC ¶¶ 15-20. Vangilder subsequently "dropped the grenade, causing it to detonate," and causing the OC to seep into Plaintiff's living space and injure him. *See id.* ¶¶ 20-21. Drawing all inferences in Plaintiff's favor, as the Court must do at this stage of the litigation, the Court finds that Plaintiff has adequately pled facts sufficient to support an inference that Vangilder and Vasquez demonstrated "willful disregard" for his rights. It is plausible that their alleged carelessness with a device designed to release a painful chemical into the air near Plaintiff's living space was sufficiently reckless to warrant a finding of intent. Any failure of actual proof on this claim can be addressed on a motion for directed verdict at trial.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

Dated: June 8, 2018

HAYWOOD S. GILLIAM, JR.
United States District Judge