UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br><br>    Plaintiff,<br><br>v.<br><br>J. VANGILDER, et al.,<br><br>    Defendants. | Case No. 16-cv-00735-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 93 |
| DANIEL MANRIQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>J. VANGILDER, et al.,<br><br>    Defendants. | Case No. 16-cv-01320-HSG<br><br>Re: Dkt. No. 94 |

Pending before the Court are Defendants' motions for summary judgment. *See Cisneros v. Vangilder*, Case No. 4:16-cv-00735-HSG, Motion for Summary Judgment ("Mot."), Dkt. No. 93; *Manriquez v. Vangilder*, Case No. 4:16-cv-01320-HSG, Motion for Summary Judgment, Dkt. No. 94.[1] The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions.

## I.  BACKGROUND

### A.  Factual Background

The Court briefly recounts the basic facts viewed in the "light most favorable" to the Plaintiffs, as it must at the summary judgment stage. *See Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

---

[1] For the sake of simplicity, the Court will refer to docket entries and filings in the earlier-filed case, *Cisneros v. Vangilder*, Case No. 4:16-cv-00735-HSG, unless otherwise noted.

Plaintiffs Daniel Cisneros and Daniel Manriquez are currently incarcerated at Pelican Bay State Prison, an institution of the California Department of Corrections and Rehabilitation ("CDCR"). *See* First Amended Complaint ("FAC"), Dkt. No. 55 ¶¶ 1, 14; Case No. 16-1320, Second Amended Complaint, Dkt. No. 53 ¶¶ 1, 13. Defendants J. Vangilder, J. Vasquez, J. Cuske, S. Cupp, K. Ohland, and D. Melton are all correctional officers or supervisors employed by the CDCR. *See* FAC ¶¶ 8–13.

Plaintiffs claim that they were injured when Vangilder was "horseplaying" with a T-16 oleoresin capsicum expulsion grenade that he dropped in the control booth near their cells, causing them to suffer from stinging of the skin and eyes, gagging, coughing, and difficulty breathing. *See* Declaration of Brody McBride, Dkt. No. 100-2, Ex. A, Deposition of Daniel Manriquez ("Manriquez Dep.") at 74, 80, 114, 125. Plaintiffs testified at their depositions that they called for medical attention but the Defendants ignored them. *See id.* at 179, 186–87; Declaration of Brody McBride, Dkt. No. 100-2, Ex. C, Deposition of Daniel Cisneros ("Cisneros Dep.") at 28.

### B. Procedural History

Cisneros filed his amended complaint on December 1, 2017. *See* FAC. Manriquez filed his second amended complaint on November 30, 2017. *See* Case No. 16-1320, Dkt. No. 53.

Defendants moved for summary judgment, filing identical motions in both cases on September 21, 2018. *See* Mot.; Case No. 16-1320, Dkt. No. 94. Plaintiffs opposed on October 5 with a single, consolidated brief. *See* Dkt. No. 100 ("Opp."); Case No. 16-1320, Dkt. No. 101.[2] Defendants replied on October 12. *See* Dkt. No. 103 ("Reply"); Case No. 16-1320, Dkt. No. 104.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. And a dispute is "genuine" if there is evidence in the record sufficient

---

[2] Plaintiffs also raised numerous objections to evidence Defendants cited in support of their motion for summary judgment. *See* Opp. at 2–9. This order does not rely on any of the objected-to evidence. Accordingly, the objections are **DENIED** as moot.

for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. Fed. R. Civ. P. 56(a).

With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment," because the duty of the courts is not to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275,

3

1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts must enter summary judgment in favor of the movant. *Celotex*, 477 U.S. at 323.

**III. ANALYSIS**

Plaintiffs assert causes of action under theories of deliberate indifference to serious medical needs under the Eighth Amendment, battery, negligence, negligent supervision, failure to provide medical care under Cal. Gov't Code Section 845.6, and the California Bane Act. *See* FAC ¶¶ 34–63. The Court will address each cause of action in turn.

The parties are reminded that this order does not constitute findings of fact or a prediction of how a jury might assess the evidence at trial. Rather, because Defendants have moved for summary judgment, this order evaluates whether there are genuine disputes of material fact that preclude Defendants from obtaining judgment as a matter of law. *See Tolan*, 572 U.S. at 565 (counseling that the "judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial") (internal quotation omitted).

**A. The Court Denies Defendants' Motion for Summary Judgment on the Eighth Amendment Deliberate Indifference Claims**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

**i. Serious Medical Needs**

A "serious" medical need exists if "failure to treat the injury or condition could result in further significant injury or cause the unnecessary and wanton infliction of pain." *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quotation marks and citations omitted). A serious medical need may be indicated by "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition

4

1   that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066.

Defendants contend that "there is no evidence whatsoever" that Plaintiffs had a serious medical need under the constitutional standard, Mot. at 16–17, while Plaintiffs respond that they proffer "a mountain of evidence," Opp. at 26. But again, the question at summary judgment is not which party presents more evidence but rather "whether there is a genuine issue for trial." *See Tolan*, 572 U.S. at 565.

Drawing all inferences in favor of Plaintiffs, as it is required to do at this stage, the Court finds that there is a genuine dispute of material fact on this element. For example, Manriquez testified at his deposition that the chemical grenade caused him to cough, gag, and panic because he was trapped in his cell. *See* Manriquez Dep. at 74, 79, 113–114, 125, 140. And Cisneros testified that the pepper spray caused him to cough and his eyes to water. *See* Cisneros Dep. at 27. Although Defendants assert that Plaintiffs did not call for medical attention, *see* Mot. at 9–10, Plaintiffs claim that they did, *see* Manriquez Dep. at 179; Cisneros Dep. at 28—and it is Plaintiffs' account the Court must accept in deciding this motion for summary judgment. Even though the transitory effects of pepper spray might be insufficient to establish a serious medical need, Plaintiffs have produced evidence that they suffered from the effects of the chemical exposure for several hours or even days. *See Clement*, 298 F.3d at 904 (holding that objective component was satisfied by "plaintiffs' submissions document[ing] the painful effects of pepper spray"); Cisneros Dep. at 44; Manriquez Dep. at 239.

### ii. Subjective Deliberate Indifference

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

5

Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted); *see also Farmer*, 511 U.S. at 835–36, 836 n.4 (recognizing that neither negligence nor gross negligence will constitute deliberate indifference).

Again, Defendants claim that "there are no facts" to support this element. *See* Mot. at 15. However, Plaintiffs testified in their depositions that they requested medical attention, but Defendants ignored their requests and Vangilder told them to "shut up." *See* Manriquez Dep. at 179, 186–87; Declaration of Brody McBride, Dkt. No. 100-2, Ex. G, Deposition of Oscar Chaidez at 67. These examples are sufficient to establish a genuine dispute of material fact as to the subjective deliberate indifference element. *See Clement*, 298 F.3d at 905 (holding that "prisoners may be able to show that the defendants were subjectively aware of the risk of serious injury when they denied showers and medical attention for the inmates for the 4 hour period").

### iii. Qualified Immunity

#### a. Legal Standard

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established at the time of the defendant's alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 535 U.S. 194, 201 (2001)). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236 (noting that while the *Saucier* sequence is often appropriate and beneficial, it is no longer mandatory). "[U]nder either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment," and must, as in other cases, view the evidence in the light most favorable to the nonmovant. *See Tolan*, 572 U.S. at 656.

"[A] right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.' In other words, 'existing

precedent must have placed the statutory or constitutional question beyond debate.'" *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014) (citations omitted). The inquiry of whether a constitutional right was clearly established must be undertaken in light of the "specific context" of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 202. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.*; *see, e.g.*, *Pearson*, 555 U.S. at 243–45 (concluding that officers were entitled to qualified immunity because their conduct was not clearly established as unconstitutional as the "consent-once-removed" doctrine, upon which the officers relied, had been generally accepted by the lower courts even though not yet ruled upon by their own federal circuit).

A court determining whether a right was clearly established looks to "Supreme Court and Ninth Circuit law existing at the time of the alleged act." *Community House, Inc. v. City of Boise*, 623 F.3d 945, 967 (9th Cir. 2010) (citing *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996)). In the absence of binding precedent, the court should look to all available decisional law, including the law of other circuits and district courts. *See id.* Unpublished district court decisions may also "inform" the court's analysis. *Sorrels v. McKee*, 290 F.3d 965, 971–72 (9th Cir. 2002). It will, however, "be a rare instance in which, absent any published opinions on point or overwhelming obviousness of illegality, [that the court] can conclude that the law was clearly established on the basis of unpublished decisions only." *Id.* Post-incident cases generally are not relevant unless they determine the law at the time of the incident. *See Osolinski*, 92 F.3d at 936 (citation omitted).

**b. Defendants Are Not Entitled to Qualified Immunity As a Matter of Law**

Defendants contend that even if they violated Plaintiffs' constitutional rights, they would still be entitled to qualified immunity because they followed prison policy after the expulsion grenade was detonated, which a reasonable officer would not know was unlawful. Mot. at 19. In response, Plaintiffs point to the Ninth Circuit's decision in *Clement*, 298 F.3d at 905, in which the court affirmed the denial of summary judgment on the plaintiffs' deliberate indifference claim because the "prisoners may be able to show that the defendants were subjectively aware of the risk of serious injury when they denied showers and medical attention for the inmates for the 4 hour

7

period" following their exposure to pepper spray. *See* Opp. at 27.

Drawing all inferences in favor of non-movants, as the Court is required to do at this stage, *see Tolan*, 572 U.S. at 657, Defendants have not established as a matter of law that they did not violate clearly established law. In their Reply, Defendants claim that "as confirmed by all witnesses, not a single inmate complained or sought medical treatment." *See* Reply at 7. But when Defendants say "all witnesses," they actually mean "all *of our* witnesses." Numerous inmates testified at their depositions that they called for medical treatment after being exposed to the pepper spray. *See, e.g.*, Manriquez Dep. at 179 ("I was trying to get medical attention"); Cisneros Dep. at 28 (Cisneros and other inmates were "yelling . . . for some medical assistance"). This genuine dispute of fact is material because *Clement* constitutes clearly established law. *See Parenti v. Cty. of Monterey*, No. 14-CV-05481-BLF, 2018 WL 1697110, at *15 (N.D. Cal. Apr. 6, 2018) ("At most, *Clement* clearly establishes that where officers know that pepper spray harmed inmates in neighboring cells . . . based on the officers own experience with the harmful effects of pepper spray, those officers are deliberately indifferent to serious medical needs by denying the inmates showers and access to medical care following the incident."). Defendants' attempt at oral argument to distinguish *Clement* by relying on *Parenti* only confirms that there exists a genuine dispute of material fact: whether the officers knew that inmates had been harmed. And the Court may not resolve that dispute in favor of Defendants, because they are the parties seeking summary judgment. *See Tolan*, 572 U.S. at 656. Therefore, the Court cannot conclude as a matter of law that Defendants are entitled to qualified immunity. *See Clement*, 298 F.3d at 906 ("While a resolution of the factual issues may well relieve the prison officials of any liability in this case, if the prisoners' version of the facts were to prevail at trial, a jury might conclude that the officers were deliberately indifferent to such needs during the four-hour period after the incident. . . . Under such circumstances, the officials' actions are not protected by qualified immunity.").

\* \* \*

In sum, Plaintiffs have raised genuine disputes of material fact with respect to the serious medical need and subjective deliberate indifference prongs of their Eighth Amendment claims, as well as Defendants' defense of qualified immunity. Therefore, the Court **DENIES** the motion for

8

1  summary judgment on Plaintiffs' Eighth Amendment causes of action.

### B. The Court Grants Defendants' Motion for Summary Judgment on the Battery Claims

Civil battery requires proving that "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526–27 (2009). "[T]he element of intent is satisfied if the evidence shows defendant acted with a 'willful disregard' of the plaintiff's rights." *Ashcraft v. King*, 228 Cal. App. 3d 604, 613 (1991) (citing *Lopez v. Surchia*, 112 Cal. App. 2d 314, 318 (1952) ("In order to establish a case of civil assault and battery, all that is necessary is that the evidence show that plaintiff's injury was caused by defendant's violence, or that defendant acted with wanton, willful or reckless disregard of plaintiff's rights.")).

Plaintiffs' battery theory is based on their contention that "Vangilder was handling the grenade for an improper purpose, including 'horseplay,'" which constituted a willful disregard of the rights of inmates who might be affected by its detonation. FAC ¶ 34–37; Opp. at 28. Plaintiffs have provided no case law to support such an attenuated and novel extension of the common law tort of battery. The Court finds that, even drawing all factual inferences in favor of Plaintiffs, no reasonable jury could conclude that Defendants acted with willful disregard of Plaintiffs' rights so as to sustain a claim for battery. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiffs' battery causes of action.

### C. The Court Denies Defendants' Motion for Summary Judgment on the Negligence Claims

Plaintiffs allege a cause of negligence against Vangilder and Vasquez for breaching their duties by carelessly handling the grenade, exposing the Plaintiffs to chemicals, and failing to decontaminate and provide medical care to the Plaintiffs. FAC ¶¶ 38–41.

A "public employee is liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov't Code § 820. However, public employees may be "exempted or immunized by law." *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 245 (2008). To prevail in a negligence claim, the plaintiff must prove that the "defendant had a duty to use due

9

care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Adams v. City of Fremont*, 68 Cal. App. 4th 243, 264–65 (1998), *as modified on denial of reh'g* (1999).

At the very least, Plaintiffs have raised a genuine dispute of material fact as to whether Defendants were negligent in their handling of the grenade. *See* Manriquez Dep. at 165–66 (Defendant "Vasquez actually told us . . . that they were horseplaying with the chemical grenade—or with the weapons—chemical weapons."). Therefore, the Court **DENIES** Defendants' motion for summary judgment on Plaintiffs' negligence claims.

### D. The Court Grants Defendants' Motion for Summary Judgment on the Negligent Supervision Claims

Plaintiffs allege that Defendants Cupp, Cuske, and Ohland were negligent in their supervision of the other correctional officers. FAC ¶¶ 42–49.

A "public employee is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8. However, "[l]iability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006). California courts have allowed claims against "supervisory or administrative employee[s]" of public entities based on their breach of a duty owed to the plaintiff for negligently exposing them to a foreseeable danger. *See C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 865 (2012).

In their Opposition, Plaintiffs do not point to any facts to support their negligent supervision claim. *See* Opp. at 29. The Court finds that Plaintiffs have provided insufficient evidence to carry their ultimate burden of persuasion at trial of proving that the named supervisors breached a duty to the Plaintiffs by negligently exposing them to a foreseeable danger. Therefore, the Court **GRANTS** the motion for summary judgment on Plaintiffs' negligent supervision claims.

### E. The Court Grants Defendants' Motion for Summary Judgment on the California Bane Act Claims

Plaintiffs assert a cause of action against all of the named Defendants under California's Bane Act, claiming that Defendants forcibly confined the Plaintiffs in their prison cells in violation of their Eighth Amendment right to be free from deliberate indifference to their serious

medical needs. *See* FAC ¶¶ 61–63.

The Bane Act provides a civil cause of action if "a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1(b), (c). A plaintiff bringing a Bane Act claim must prove "two distinct elements": "(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015). Moreover, "where coercion is inherent in the constitutional violation alleged . . . [t]he statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012). In other words, "the plaintiff cannot graft one act onto two distinct burdens." *Allen*, 234 Cal. App. 4th at 68 (citing *Santiago v. Keyes*, 890 F. Supp. 2d 149, 155–56 (D. Mass. 2012)). *See also Hernandez v. City of San Jose*, 241 F. Supp. 3d 959, 982 (N.D. Cal. 2017) ("If [the inherent] possibility of coercive force [from a police officer's instructions] were enough to constitute 'threats, intimidation, or coercion' for the purposes of the Bane Act, all constitutional violations by police officers would also be Bane Act violations."); *Quezada v. City of Los Angeles*, 222 Cal. App. 4th 993, 1008 (2014) ("The coercion inherent in detention is insufficient to show a Bane Act violation.").

Defendants contend that Plaintiffs have not offered any evidence of "threats, intimidation or coercion" constituting a violation of the Bane Act. Mot. at 23. Plaintiffs respond that Defendants physically coerced Plaintiffs through "*unnecessary* confinement in a cell contaminated with OC" when Defendants denied them "the chance for fresh air, a shower, and medical evaluation following their exposure to a chemical agent." Opp. at 30. Plaintiffs cite *M.H. v. County of Alameda* for the proposition that a prisoner is entitled to relief under the Bane Act when he "proves that prison officials acted or failed to act with deliberate indifference to his medical needs in violation of his constitutional rights." *See* 90 F. Supp. 3d 889, 899 (N.D. Cal. 2013).

11

*M.H.* did not apply the *Shoyoye* rule because it assumed that it pertained only to unintentional conduct, and that a deliberate indifference claim was intentional conduct for purposes of the Bane Act. *See* 90 F. Supp. 3d at 898; *see also Razon v. Cty. of Santa Clara*, No. 17-CV-00869-LHK, 2018 WL 405010, at *6 (N.D. Cal. Jan. 12, 2018) (explaining approach of *M.H.* court). But *M.H.* was decided before *Allen*, which made clear that the *Shoyoye* rule applied in instances of intentional as well as unintentional conduct. *See Allen*, 234 Cal. App. 4th at 68; *see also Razon*, 2018 WL 405010, at *7 (explaining effect of *Allen*).

In light of *Allen*, the Court must determine whether Plaintiffs have raised a genuine dispute of material fact as to whether there was coercion independent from the alleged deliberate indifference to Plaintiffs' serious medical needs. *See Razon*, 2018 WL 405010, at * 7 (A "plaintiff alleging deliberate indifference to serious medical needs must also allege coercion separate from the coercion inherent in that deliberate indifference in order to state a Bane Act claim.") (internal quotations omitted). Plaintiffs do not point to any such evidence in their Opposition. *See* Opp. at 29–30. In fact, Plaintiffs argue that it was the "*unnecessary* confinement in a cell" that constituted physical coercion for purposes of the Bane Act. *See* Opp. at 30. But this theory would allow Plaintiffs to "graft one act onto two distinct burdens," which is exactly what *Allen* says they cannot do. *See Allen*, 234 Cal. App. 4th at 68. Because Plaintiffs do not identify any evidence of coercion independent from the alleged constitutional violation, Defendants are entitled to judgment as a matter of law. Therefore, the Court **GRANTS** Defendants' motion for summary judgment on the Bane Act claims.

### F. The Court Grants Summary Judgment as to Defendant Melton

Defendant D. Melton was not named in Manriquez's second amended complaint and Cisneros does not oppose entering summary judgment as to the claims against Melton. *See* Opp. at 1 n.3. Accordingly, the Court **GRANTS** summary judgment as to all claims against Melton.

## IV. CONCLUSION

Plaintiffs have raised genuine disputes of material fact as to their Eighth Amendment deliberate indifference and negligence claims. Accordingly, the Court **DENIES** Defendants' motion for summary judgment as to these causes of action. However, the Court finds that

Defendants are entitled to judgment as a matter of law on Plaintiffs' battery, negligent supervision, and Bane Act claims, and **GRANTS** Defendants' motion for summary judgment as to those causes of action. In addition, the Court **GRANTS** summary judgment as to Defendant Melton and **DIRECTS** the Clerk to terminate Melton from the case.

The Court sets a case management conference for Thursday, January 24 at 2:00 p.m. in Oakland, Courtroom 2, 4th Floor.

**IT IS SO ORDERED.**

Dated: 1/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge