UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br>   Plaintiff,<br>  v.<br>J. VANGILDER, et al.,<br>   Defendants. | Case No. 16-cv-00735-HSG<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE**<br>Re: Dkt. No. 147 |
| DANIEL MANRIQUEZ,<br>   Plaintiff,<br>  v.<br>J. VANGILDER, et al.,<br>   Defendants. | Case No. 16-cv-01320-HSG<br>Re: Dkt. No. 144 |

This suit arises out of a June 4, 2015 incident in Pelican Bay State Prison during which a chemical grenade detonated in a control booth in a housing unit and, according to Plaintiffs, caused them to suffer harm that Defendants failed to treat. *See* Dkt. No. 152 at 1.

Plaintiffs moved in limine to exclude video recordings, then designated as Exhibits 204 and 206, which showed "discharges of chemical grenades in control booths, people walking around inside and outside of the control booths and footage of a vent." *See* Dkt. No. 147 at 1.[1] Plaintiffs argued that the videos should be excluded as substantially more prejudicial than probative under Federal Rule of Evidence 403 because the circumstances in the videos did not accurately reflect what occurred during the 2015 incident. *Id.* at 2. Defendants opposed. *See* Dkt.

---

[1] For simplicity, the Court will refer to the filings in the lower-numbered case, *Cisneros v. Vangilder et al.*, Case No. 16-cv-735.

No. 148.

At the pretrial conference, Plaintiffs clarified that there were two *groups* of video recordings that they sought to exclude. Because the parties still could not sufficiently clarify the issues and factual background at the pretrial conference, the Court allowed them to file supplemental briefs.[2]

The first videos were filmed on June 5, 2018, and depict Defendants' expert, Jeffrey Hicks, conducting a recreation of the incident by activating a T-16 oleoresin capsicum grenade in an unused, but otherwise identical, control booth at Pelican Bay. *See* Dkt. No. 185-4, Ex. E ("Hicks Report") at 7. Defendants seemingly have renumbered the exhibits several times, but as best the Court can tell by relying on the Bates numbering, there are two videos depicting Hicks's recreation: Exhibit 137 (Bates-stamped AGO 008506) and Exhibit 138 (Bates-stamped AGO 008577). In attempting to replicate the conditions that existed during the incident, Hicks did not review the deposition transcripts of the officers who were present or interview them. *See* Dkt. No. 188-1, Ex. A ("Hicks Dep.") at 91–92, 114. Instead, Hicks relied on instructions from the attorneys and correctional officers, none of whom were actually present during the 2015 incident. *Id.* at 114–15.

The second videos were filmed on August 24, 2018, and depict Plaintiffs' expert, Bud Offermann, attempting to redo Hicks's recreation. As counsel for Defendants explained at the pretrial conference, "Bud Offermann . . . sought to replicate not only the incident, but do the exact same thing that our expert did." *See* Transcript of Pretrial Conference, Dkt. No. 191 at 15. Counsel for Plaintiffs confirmed that "[w]e only wanted to do exactly what [Defendants'] expert did . . . [w]e just wanted to recreate what he said he did because we didn't have that opportunity to be" present at the June 5 recreation. *Id.* at 16. Again, Defendants have renumbered these exhibits

---

[2] A significant source of the confusion was Defendants' repeated, and inaccurate, claim in their brief that the "videos [at issue] were recorded as part of a prison site inspection during testing and measurements conducted by Plaintiffs' expert witness, Mr. Offermann." Dkt. No. 148 at 2; *see also id.* at 4 ("In fact, all aspects of the testing and experiments that Plaintiffs seek to exclude were dictated by Plaintiff's counsel, Ms. Roberts, and Plaintiffs' expert, Mr. Offermann—not Defendants."). As is now finally clear to the Court, this characterization applies *only* to the August 2018 videos, but *not* to the June 2018 videos Defendants also seek to admit.

2

several times and they now consist of: Exhibit 163 (Bates-stamped AGO 008792), Exhibit 164 (Bates-stamped AGO 008725), Exhibit 165 (Bates-stamped AGO 008726), Exhibit 166 (Bates-stamped AGO 008727), and Exhibit 167 (Bates-stamped AGO 008728).[3]

First, the Court finds that the videos depicting Hicks's June 5 experiment (Exhibits 137 and 138) are admissible under Rules 402 and 403. Plaintiffs point out that the test may not accurately reflect what happened during the 2015 incident because Hicks did not rely on any firsthand observations and thus the ventilation, window configuration, air flow, and weather may have been different. *See* Dkt. No. 147 at 1. Plaintiffs are free to explore these differences, and the basis for Hicks's opinions, on cross-examination. However, the probative value of the videos is not substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, or any other factor identified in Rule 403. The videos will allow the jury to see for themselves the detonation of an O.C. grenade and the impact it had on observers within the control booth, who were substantially closer to the site of the detonation than Plaintiffs were on the day of the incident. Because the Court finds that Plaintiffs' objections go to weight, rather than admissibility, it **DENIES** the motion as to the June 5 videos.

Second, the Court finds that the probative value of the videos depicting Offermann's August 24 recreation of the Hicks experiment (Exhibits 163, 164, 165, 166, and 167) is substantially outweighed by the needless presentation of cumulative evidence that would result. Plaintiffs apparently conducted this copycat experiment to confirm the results of Hicks's test rather than to model what they believe happened during the 2015 incident. Thus, there is no additional probative value to allowing Defendants to play a second video depicting the same experiment. Doing so would be needlessly cumulative and waste the Court's and the jury's time.

That said, the exclusion of the Offermann videos is subject to reevaluation based on the testimony elicited during the trial. If, for example, Plaintiffs somehow open the door by attacking the results of Hicks's experiment (rather than its factual underpinnings or the conclusions he

---

[3] Defendants' supplemental filing indicates that what was at one point labeled as Exhibit 106 consisted of six videos—but it proceeds to list only the five videos identified here. *See* Dkt. No. 185 at 4 n.1. The Court was unable to identify a sixth video among the exhibits provided, but if it exists, the reasoning in this order applies to it.

3

drew), the videos may be admissible to rebut that implication.  Therefore, the Court **GRANTS** the motion as to the August 24 videos, without prejudice to Defendants seeking to admit them if developments at trial establish a non-cumulative basis for doing so.

**IT IS SO ORDERED.**

Dated: 6/18/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge