UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL CISNEROS,

        Plaintiff,

    v.

J. VANGILDER, et al.,

        Defendants.

Case No. 16-cv-00735-HSG

**FINAL JURY INSTRUCTIONS**

DANIEL MANRIQUEZ,

        Plaintiff,

    v.

J. VANGILDER, et al.,

        Defendants.

Case No. 16-cv-01320-HSG

# **Final Instruction No. 1 - Duty Of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# Final Instruction No. 2 – Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## Final Instruction No. 3 – Two or More Parties—Different Legal Rights

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

## **<u>Final Instruction No. 4 – What is Evidence</u>**

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits that are admitted into evidence;

3. Any facts to which the lawyers have agreed; and

4. Any facts that I may instruct you to accept as proved.

## <u>Final Instruction No. 5 – What Is Not Evidence</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>Final Instruction No. 6 – Evidence for Limited Purpose</u>

Some evidence was admitted only for a limited purpose. When I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## __Final Instruction No. 7 – Direct and Circumstantial Evidence__

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# Final Instruction No. 8 – Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

## <u>Final Instruction No. 9 – Bench Conferences and Recesses</u>

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.

Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Of course, we have done what we could to keep the number and length of these conferences to a minimum. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# **<u>Final Instruction No. 10 – Credibility of Witnesses</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Final Instruction No. 11 – Impeachment Evidence—Witness

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

# <u>Final Instruction No. 12 – Opinion Testimony</u>

You have heard testimony from Scott DeFoe, Jeffrey Hicks, and Bud Offermann, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## Final Instruction No. 13 – Tests and Experiments

A test or experiment was conducted.

You observed the conditions under which that test or experiment was made. These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

It is for you to decide what weight, if any, you give to the test or experiment.

## <u>Final Instruction No. 14 – Charts and Summaries Received in Evidence</u>

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# Final Instruction No. 15 – Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## <u>Final Instruction No. 16 – Stipulations of Facts</u>

The parties have agreed to certain facts to be placed in evidence as Exhibit 53. Additionally, the parties have agreed to the following facts that I will now read to you.

1. The incident in this case occurred in the Pelican Bay State Prison.

2. At the time of the incident, Plaintiffs Daniel Manriquez and Daniel Cisneros were prisoners being housed at Pelican Bay in in Facility D, Unit 6 (Unit D-6). Plaintiff Manriquez was housed in cell 109, while Plaintiff Cisneros was housed in Cell 212.

3. At the time of the incident, Defendants were Pelican Bay corrections officers with various responsibilities regarding the supervision of Plaintiffs and Plaintiffs' housing unit, including: Defendant Justin Vangilder (the unit's control booth officer), Defendant Juan Vasquez (the unit's floor officer), and Defendant Scott Cupp (a sergeant, who had primary supervisory responsibility for the unit).

4. Facility D is comprised of 10 housing units, with the units designated D-1 through D-10.

5. Unit D-6 is a two-level structure. The first floor of Unit D-6 contains six pods, A through F, and each pod contains eight cells. The pods radiate off a rotunda reached by an enclosed walkway. As one enters the D-6 rotunda from the walkway, pods A and B are to the left, pods C and D are directly in front, and pods E and F are to the right. In the middle of the rotunda is a solid concrete column that is the width of the control booth, which is directly above the first floor rotunda on a "second-floor."

6. The D-6 control booth is essentially the footprint of the rotunda. The control booth has numerous windows, including clear windows facing into each of the six D-6 pods. At the center of the control booth is a control booth panel that faces away from the pods (i.e., toward the unit's entrance) in a "U"-shaped configuration.

17

7. At approximately 5:00 p.m. on June 4, 2015, while Plaintiffs were in their cells, a chemical grenade discharged in the control booth of Facility D-6.

You must therefore treat these facts as having been proved.

United States District Court
Northern District of California

## Final Instruction No. 17 – Section 1983 Claim—Introduction

The Plaintiffs bring a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

# Final Instruction No. 18 – Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof

In order to prevail on their § 1983 claim against Defendants Vangilder, Vasquez, and Cupp, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

    1. the defendant acted under color of state law; and

    2. the acts and failure to act of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants acted under color of state law.

If you find that either plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction No. 19 that deals with the particular right, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant.

## Final Instruction No. 19 – Particular Rights—Eighth Amendment— Convicted Prisoner's Claim Re Conditions of Confinement/Medical Care

As previously explained, the Plaintiffs have the burden of proving that the acts and failure to act of Defendants Vangilder, Vasquez, and Cupp, deprived the Plaintiffs of particular rights under the United States Constitution. In this case, the Plaintiffs allege the defendants deprived them of their rights under the Eighth Amendment to the Constitution when they were deliberately indifferent to each plaintiff's serious medical needs by ignoring their requests for medical care and to exit their cells to decontaminate following the chemical grenade's detonation.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to be free from deliberate indifference to their serious medical needs. In order to prove the Defendants deprived the Plaintiffs of this right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff faced a substantial risk of serious harm and/or a serious medical need;

2. the defendant was deliberately indifferent to that risk and/or medical need, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3. the acts and failures to act of the defendants caused harm to the plaintiff.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

# **Final Instruction No. 20 – Negligence—Essential Factual Elements**

The Plaintiffs claim that they were harmed by Defendant Vangilder's and Vasquez's negligence. To establish this claim, Plaintiffs must prove the following:

1. that the defendant was negligent;

2. that the plaintiff was harmed; and

3. that the defendant's negligence was a substantial factor in causing the plaintiff's harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the defendant's situation.

## <u>Final Instruction No. 21 – Basic Standard of Care</u>

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. You must decide how a reasonably careful person would have acted in the defendant's situation.

United States District Court
Northern District of California

## Final Instruction No. 22 – Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

United States District Court
Northern District of California

## Final Instruction No. 23 – Damages—Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for either of the Plaintiffs on their individual Negligence or Deliberate Indifference claims, you must determine each of the Plaintiff's individual damages. Each Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by Defendants.

You should consider the following:

1. The nature and extent of the injuries; and

2. The mental, physical, emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## Final Instruction No. 24 – Measures and Types of Damages

In determining the measure of damages, you should consider:

1. The nature and extent of the injuries; and

2. The mental, physical, emotional pain and suffering experienced.

# Final Instruction No. 25 – Damages—Mitigation

The Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

1.that the Plaintiffs failed to use reasonable efforts to mitigate damages; and

2.the amount by which damages would have been mitigated.

## Final Instruction No. 26 – Nominal Damages

The law that applies to this case authorizes an award of nominal damages. If you find for either of Plaintiffs but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

# Final Instruction No. 27 – Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## Final Instruction No. 28 – Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read

or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## **Final Instruction No. 29 – Communications with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# Final Instruction No. 30 – Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated: 6/21/19

HAYWOOD S. GILLIAM, JR.
United States District Judge