David E. Weiss (SBN 148147)
Email: dweiss@reedsmith.com
Britt M. Roberts (SBN 284805)
Email: broberts@reedsmith.com
REED SMITH LLP
101 Second Street; Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorneys for Plaintiff*
*Daniel Cisneros*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VANGILDER, et al.,<br><br>　　　　　Defendant. | No.: 4:16-cv-00735-HSG<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988 AND C.C.P §1021.5; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　　March 12, 2020<br>Time:　　　　2:00 p.m.<br>Judge:　　　Hon. Haywood S. Gilliam, Jr.<br>Courtroom:　2, 4th Floor<br><br>Compl. Filed:　February 12, 2016 |

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on March 12, 2020 at 2:00 pm or as soon thereafter as the matter may be heard, in Courtroom 2, 4th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Haywood S. Gilliam Jr., Plaintiff Daniel Cisneros ("Plaintiff"), the prevailing party, hereby does move this Court for attorneys' fees and costs incurred during the associated litigation.

As the prevailing party, Plaintiff is an entitled to an award of attorneys' fees and expenses pursuant to 42 U.S.C. §1988, which provides that the Court "may allow the prevailing party … a reasonable attorney's fee as part of the costs[.]." 42 U.S.C. §1988.  Plaintiff, the prevailing party, is also entitled to an award of attorneys' fees and costs pursuant to the California Code of Civil Procedure section 1021.5, which states, "[A] court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest…" Cal. Code of Civ. Proc. §1021.5.

An award of attorneys' fees is appropriate in this matter because Plaintiff was the successful party in an action to enforce his rights under the Prison Litigation Reform Act, which is "an important right affecting the public interest" within the meaning of Section 1021.5 of the California Code of Civil Procedure. *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1024 (C.D. Cal. 2012). This motion is based on the points and authorities set forth below, the accompanying Declaration of Britt Roberts and the exhibits thereto, together with all pleadings and papers filed herein, any oral argument, and any other matter that may be submitted prior to or at the hearing on this motion. As explained in the points and authorities below, the accompanying Roberts Declaration and the exhibits thereto, Plaintiff requests an award of $454,137.30 in attorneys' fees and $28,386.89 in expenses, plus any additional fees and expenses incurred in connection with this motion.

//
//
//

| | |
|---|---|
| 1 | DATED: January 27, 2020 |
| 2 | REED SMITH LLP |

By:   */s/ Britt M. Roberts*
      David E. Weiss
      Britt M. Roberts
      *Pro Bono Attorney for Plaintiff*
      *Daniel Cisneros*

**TABLE OF CONTENTS**

Page

I     INTRODUCTION ................................................................................................................... 1

II    STATEMENT OF FACTS ..................................................................................................... 1

III   LEGAL ARGUMENT ............................................................................................................ 2

      A.     There is No Cap on the Fees this Court May Award Under 42 U.S.C. §1988 ................................................................................................................ 2

      B.     The Court May Award Fees under California Code of Civil Procedure Section 1021.5 as All Elements are Met. ............................................................ 3

            1.     A Significant Benefit Was Conferred on a Large Class of Persons. ............... 4

            2.     The Necessity and Financial Burden of Private Enforcement Make the Award Appropriate. .................................................................................. 4

            3.     The Interest of Justice Requires that Such Fees Not Be Paid Out of the Recovery. ................................................................................................. 5

      C.     Reasonableness of Lodestar. ........................................................................... 5

            1.     Hours ............................................................................................................... 5

            2.     Rates ................................................................................................................ 6

            3.     Multiplier ........................................................................................................ 8

IV   CONCLUSION ....................................................................................................................... 8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992) ................................................................................................2

*Gilbrook v. City of Westminster*,
  177 F.3d 839 (9th Cir. 1999) ..................................................................................................2

*Jimenez v. Franklin*,
  680 F.3d 1096 (9th Cir. 2012) ................................................................................................2

*Kelly v. Wengler*,
  822 F.3d 1085 (9th Cir. 2016) ................................................................................................5

*Ketchum v. Moses*,
  24 Cal. 4th 1122 (2001) ..........................................................................................................8

*Keup v. Hopkins*,
  596 F.3d 899 (8th Cir. 2010) ..................................................................................................2

*Newton v. Equilon Enterprises, LLC*,
  No. 17-CV-3961-YGR, 2019 WL 4476833 (N.D. Cal. Sept. 18, 2019) .................................6

*Prison Legal News v. Schwarzenegger*,
  608 F.3d 446 (9th Cir. 2010) ..................................................................................................2

*Rodriguez v. County of Los Angeles*,
  96 F. Supp. 3d 1012 (C.D. Cal. 2014) ..............................................................................3, 5

*Shepherd v. Goord*,
  662 F.3d 603 (2d Cir. 2011) ...................................................................................................2

*Woodland Hills Residents Ass'n, Inc. v. City of Council of Los Angeles*,
  23 Cal. 3d 917 (1979) .............................................................................................................4

**Statutes**

42 U.S.C. § 1988 ..................................................................................................................1, 2, 3

42 U.S.C. § 1988 .........................................................................................................................2

42 U.S.C. § 1997(e) ....................................................................................................................2

42 U.S.C. § 1997e(d)(2) ......................................................................................................2, 3, 5

Cal. Code Civ. Proc. § 1021.5 ............................................................................................. *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I   INTRODUCTION

Plaintiff Daniel Cisneros, an individual currently imprisoned by the State of California, brought his Complaint *pro se* to recover damages arising from the Defendants' violation of his constitutional and statutory rights.  Defendant correctional officers engaged in "horse-play" with a military-grade chemical grenade, and their actions resulted in the grenade's tortious detonation near Mr. Cisneros' cell at Pelican Bay State Prison. At trial, Plaintiff demonstrated that the Defendants deprived Mr. Cisneros of necessary medical care and deliberately failed to decontaminate his living area from resultant excruciating chemicals, despite his cries for help.  After a jury verdict for Plaintiff, judgment was entered in his favor.  Now, as the prevailing party, Plaintiff's counsel seeks an award of attorneys' fees and costs incurred during the litigation of the egregious violations of Federal and California Constitutional, statutory, and common law that Plaintiff suffered.  The Court should award Plaintiff fees pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure section 1021.5 in the amount of $454,137.30, plus costs of $28,386.89, all of which will be supplemented with future fees and expenses spent on this motion.

## II   STATEMENT OF FACTS

On February 12, 2016, Mr. Cisneros filed his original *pro se* Complaint in this action after exhausting all administrative remedies made available to him as a prisoner at Pelican Bay State Prison and California State Prison – Sacramento ("CSP-Sacramento") and under the Government Claims Program.  *See* Plaintiff's First Amended Complaint (ECF Doc. 55).  On August 17, 2017, this Court issued an Order Appointing Reed Smith, LLP, as *pro bono* Counsel for Mr. Cisneros, for all purposes for the duration of this case.  Declaration of Britt M. Roberts ("Roberts Decl."), ¶ 2. After being appointed to this case, Counsel for Mr. Cisneros worked diligently to review the facts of this case, confer with Mr. Cisneros and counsel in coordinated matters, conduct relevant legal research, engage in extensive briefing, and successfully bring the case to trial, culminating in a jury verdict in Plaintiff's favor.  *Id.,* ¶ 3.  Plaintiff, the prevailing party, now moves for "a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988.  Plaintiff's reasonable attorneys' fees are documented in the accompanying Roberts Declaration and exhibits thereto.  *Id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## III    LEGAL ARGUMENT

In an action brought pursuant to an enumerated civil rights statute, such as the Prison Litigation Reform Act ("PLRA"), 42. U.S.C. §1997(e), District courts have discretion to allow the prevailing party "a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. §1988; *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) ("Section 1988 authorizes a court 'in its discretion' to 'allow the prevailing party… a reasonable attorney's fee as part of the costs.'"); *Gilbrook v. City of Westminster*, 177 F.3d 839, 872 (9th Cir. 1999) ("[T]he court, in its discretion, may allow the prevailing party a reasonable attorney's fees in actions brought pursuant to certain enumerated civil rights statutes[.]")  This Court retains jurisdiction to determine "reasonable attorneys' fees, costs and expenses." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446 (9th Cir. 2010).  Furthermore, a fee award under California Code of Civil Procedure section 1021.5 is appropriate "in any action which has resulted in the enforcement of an important right affecting the public interest," including the PLRA. Cal. Code Civ. Proc. §1021.5.

### A.    There is No Cap on the Fees this Court May Award Under 42 U.S.C. §1988.

Case law generally indicates that in prisoner rights actions resulting in monetary judgments, such as the instant action, the PLRA limits the total amount of attorneys' fees that may be awarded under 42 U.S.C. § 1988 to 150 percent of the monetary judgment. *See Jimenez v. Franklin*, 680 F.3d 1096, 1100 (9th Cir. 2012).  *Jimenez* appears to be the first Ninth Circuit case adopting this interpretation of the PLRA and, in particular, 42 U.S.C. § 1997e(d)(2).  *Jimenez,* however, did not expressly interpret the meaning of § 1997e(d)(2).  The *Jimenez* court instead relied on several out-of-circuit cases that described the statutory language imposing this supposed fee cap as "ambiguous," *Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011), and "awkwardly worded," *Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010).

Given that the Ninth Circuit has yet to interpret the meaning of §1997e(d)(2) as a cap on attorneys' fees, it is Plaintiff's position that there is no such cap on an award under this section.  Subdivision (d)(2) of section 1997e provides that, "[w]henever a monetary judgment is awarded in an action . . . a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant."  The subdivision continues: "If the award

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." It is this final sentence that some courts have described as "ambiguous" and "awkwardly worded."

Thus, subdivision (d)(2) of section 1997e relates only to the amount of attorneys' fees that the successful prisoner-plaintiff must pay his or her attorneys after winning a money judgment against prison officials. If this language were meant to be a general cap on attorneys' fees (as opposed to merely describing the portion of a monetary judgment that a plaintiff must pay toward fees), it would have been included under subdivision (d)(1). Because this language was included in subdivision (d)(2), however, it cannot be interpreted as a generally applicable cap on attorneys' fees.

Indeed, the plain language of subdivision (d)(2) expressly contemplates an *"award* of attorney's fees . . . greater than 150 percent of the judgment." That is, there is no cap on what a court may *award*, regardless of what a party may ultimately have to pay under subdivision (d)(2). There is importance in a prisoner-plaintiff's counsel being *awarded* full fees in principal, even if a federal statute might ultimately immunize prison officials from having to *pay* the full amount of the award.

In sum, section 1997e(d)(2) does not cap attorneys' fees sought under 42 U.S.C. § 1988, and thus the Plaintiff respectfully requests that the Court award the fees requested in full.

**B.    The Court May Award Fees under California Code of Civil Procedure Section 1021.5 as All Elements are Met.**

Plaintiff prevailed separately on both federal and state-law claims, and thus additionally moves for attorneys' fees under California Code of Civil Procedure section 1021.5. *See Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 1012, 1018 (C.D. Cal. 2014) (concluding that attorneys' fees available under the California statute are not subject to PLRA restrictions).

Section 1021.5 provides:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiff satisfies each of these elements.

### 1. A Significant Benefit Was Conferred on a Large Class of Persons.

The first element is satisfied for two key reasons. First, the crux of this case vindicated "a right of constitutional dimension." *See Woodland Hills Residents Ass'n, Inc. v. City of Council of Los Angeles*, 23 Cal. 3d 917, 931 (1979). Section 1021.5 "provides explicit statutory authorization for a 'private attorney general' attorney fee award without regard to whether the public policy vindicated rests upon Constitution or statute." *Id.*

Second, defendants represented to Judge Ilhman in January 2019 that defendants were making a calculated decision to use this case as their test case for indirect-exposure oleoresin capsaicin ("OC") cases. Because defendants' "test" resulted in a jury finding that defendants' response (or lack thereof) in this case violated plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment, all California Department of Corrections and Rehabilitation ("CDCR") prisoners will enjoy the benefit of CDCR knowing it is unconstitutional to ignore prisoners who have been indirectly exposed to OC in the manner that occurred in this case. This is a "significant benefit . . . conferred on . . . a large class of persons." This element is satisfied.

### 2. The Necessity and Financial Burden of Private Enforcement Make the Award Appropriate.

The second element is satisfied for two key reasons. The first reason relates to defendants' decision to use this as a "test" case, as above described. That is, it was unreasonable for defendants to reject Plaintiff's settlement offers, including the January 2018 offer to settle for $5,000; the March 2018 offer to settle for $17,236; and finally—after more than a year of litigation all over the State of California—the January 2019 offer to settle for $345,000, including all fees and costs. The unreasonableness of defendants' decisions to reject these settlement offers is most apparent in light of the fact that, when asked to hold defendants accountable for the unconstitutional and negligent conduct and award plaintiffs each $5,000 in damages—the same amount as Mr. Manriquez's first settlement offer—the jury did exactly that. In short, because defendants used this case as a "test" case, the burden for plaintiffs to achieve what they sought early on in settlement was far outweighed by the award they received in vindication of their rights.

The second reason the second element is satisfied is that, to the extent that the PLRA caps attorneys' fees at 150 percent of any monetary judgment, the PLRA disincentivizes competent counsel from taking on prisoner civil-rights cases.  There is no shortage of prisoners whose civil rights need vindicating.  Justice is not served by letting prisoners with valid claims go unrepresented in court proceedings.  *Pro se* cases often require great time and expense on the part of prisoners, opposing counsel, and the courts.  Accordingly, there is a significant need for competent counsel to take on legitimate prisoner civil-rights cases, such as this one.  The PLRA, however, results in the financial burden and risk of taking on such cases being far outweighed by the risk that such representation will go uncompensated.  *See Rodriguez*, 96 F. Supp. 3d at 1019 ("Limiting Plaintiffs' state law fee pursuant to the PLRA would not serve Congress's intent and would not compensate counsel for Plaintiffs' successful California law claims.").

### 3. The Interest of Justice Requires that Such Fees Not Be Paid Out of the Recovery.

The third element for fees under section 1021.5 is also satisfied, as the interests of justice dictate that Plaintiff be fairly compensated for his injuries, and $5,000 is the floor of fairness.  That is, taking any portion of Plaintiff's recovery, to offset an award of fees under section 1021.5, would not serve the interests of justice.  Plaintiff is already required, under the PLRA, to contribute up to 25 percent of his damages to any award of fees.

Given that all three elements of section 1021.5 are satisfied, the Plaintiff respectfully requests that the court award him reasonable fees under pursuant to section 1021.5.

## C. Reasonableness of Lodestar.

Courts use the lodestar method in awarding fees under Section 1997e(d)(2). *See Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016).  Plaintiff requests fees in the amount of $454,137.30.

### 1. Hours

Plaintiff's counsel not only performed all of the work in this matter pro bono, but cut down the significant hours worked on this case to just over 1,200 (and this case involved fairly in dept discovery). 1,200 hours expended on the case is reasonable given that Plaintiff was the prevailing party at a trial that was fraught with complicated civil rights issues.  As outlined withinin the exhibits

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to the Roberts declaration, Plaintiff's counsel spent a reasonable number of hours preparing for a complicated trial involving egregious violations of Federal and California Constitutional law. For example, the three-day jury trial was handled for Cisneros by only one attorney, Britt M. Roberts, with the assistance of her paralegal Catalina C. Tan, which avoided duplicative hours billed during the trial. Of course, this matter is unique because it was tried along with co-Plaintiff, Daniel Manriquez.

**2.    Rates**

Further, Counsel's rates are reasonable based on San Francisco Bay Area market rates for comparably-skilled attorneys. In *Newton v. Equilon Enterprises, LLC*, No. 17-CV-3961-YGR, 2019 WL 4476833 (N.D. Cal. Sept. 18, 2019), the Judge, in awarding attorneys' fees, approved partner rates in the range of $600-700 and noted that decisions from this District over the last nine years had found partner or lead counsel rates in the range of $675-750 were reasonable. Id. at *15, 17. The Judge also found associate rates in the range of $300-400 were reasonable, and between $180 and $225 for law clerks and paralegals. *Id.,* at *46-48.

Here, Counsel's rates fall within this reasonable range. Mr. Weiss, a Partner at Reed Smith, LLP, in San Francisco, California, seeks an hourly rate of $600.00. He received his Bachelor's degree from University of California, Berkeley and graduated *cum laude* from the University of San Francisco School of Law. At Reed Smith, Mr. Weiss represents corporate policyholders in a wide range of complex insurance coverage disputes, from high stakes litigation to providing advice to policyholders with respect to the presentation of claims and the negotiation of settlements. His standard billing rate is $1,120.00 per hour. Mr. Weiss's contributions to this matter included providing guidance as to trial strategy and supervision of the associates staffed on the matter.

Mr. Rieger, Ms. Roberts, and Mr. Moore seek an hourly rate of $425.00. Collectively, they acted as the managing senior associates and were in charge of day-to-day case strategy and management.

Mr. Rieger is of Counsel at Reed Smith, LLP, in San Francisco, California. He earned his Bachelor's degree from the University of California, Los Angeles and soon thereafter graduated from the University of California, Berkeley, Boalt Hall School of Law. Mr. Rieger has substantial

1   experience in all aspects of litigation and represents over a dozen City and County California public
2   retirement systems.  His standard billing rate is $900.00 per hour.

3   Ms. Roberts is a Senior Associate at Reed Smith, LLP, in San Francisco, California. She
4   received her Bachelor's degree from University of California, Santa Barbara, and later graduated
5   *cum laude* from Thomas Jefferson School of Law.  Ms. Roberts is an accomplished, seasoned
6   attorney with comprehensive experience in diverse areas of litigation, including extensive motion
7   practice, in court oral advocacy, discovery disputes, depositions, and complex mediations.  Her
8   standard billing rate is $630.00 per hour.

9   Mr. Moore was employed with Reed Smith, LLP from 2009 until 2017, when he moved onto
10  another job, but was a highly skilled Senior litigator on the case.  Mr. Moore graduated from
11  Georgetown University Law Center, receiving his JD in 2009.

12  Mr. Levad, Mr. Brownrout, and Ms. Durham the junior attorneys on this matter, seek an
13  hourly rate of $395.00.  Collectively, their contributions in this matter included legal research,
14  drafting and revising of motions filed with the court, research within the record, and other similar
15  tasks.

16  Mr. Levad was an Associate at Reed Smith, LLP, in San Francisco, California. Mr. Levad
17  graduated from University of California Hastings College of the Law.  His standard billing rate was
18  $440/hour.

19  Ms. Durham is an associate at Reed Smith, LLP, in San Francisco, California. She graduated
20  from Stanford University with distinction, and received her Juris Doctor from the University of
21  Virginia.  Ms. Durham has a wealth of experience in State Tax matters and has authored many
22  distinguished publications on the subject.  Her standard billing rate is $500.00/hour.

23  All supporting staff that assisted in this matter, including paralegals, legal assistants, and
24  library research assistants, seek an hourly rate of $200.  Their contributions to the matter include
25  assistance with expert witness research, preparation of document production, and preparation of trial
26  exhibits and other disclosures.  The standard billing rates for the supporting staff members range
27  from $185.00 to $385.00 per hour.
28

**3. Multiplier**

Plaintiff's Counsel do not intend to seek a multiplier at this time.

As set forth in the enclosed billing records, Plaintiff respectfully requests fees for 1209.50 hours of work, billed at rates in the range of $200 to $600 per hour as set forth above. These hours and rates are reasonable under the lodestar analysis, and we do not intend to seek a multiplier. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001). Under this calculation, Plaintiff respectfully asks the court for an award of $454,137.30 in fees.

As the prevailing party, Plaintiff has calculated the recoverable costs incurred throughout the litigation of the matter. Plaintiff respectfully asks the court to award $28,386.89 in recoverable costs.

## IV    CONCLUSION

For the foregoing reasons, Mr. Cisneros respectfully requests an award of $454,137.30 in attorneys' fees plus $28,386.89 in expenses incurred as a result of the litigation of this matter, plus fees and expenses incurred in connection with this motion.

DATED: January 27, 2020

REED SMITH LLP

By: */s/ Britt M. Roberts*
David E. Weiss
Britt M. Roberts
*Pro Bono Attorney for Plaintiff
Daniel Cisneros*