David E. Weiss (SBN 148147)
Email: dweiss@reedsmith.com
Britt M. Roberts (SBN 284805)
Email: broberts@reedsmith.com
REED SMITH LLP
101 Second Street; Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorneys for Plaintiff
Daniel Cisneros*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VANGILDER, et al.,<br><br>　　　　　Defendant. | No.: 4:16-cv-00735-HSG<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF CISNEROS' MOTION FOR ATTORNEYS' FEES**<br><br>Date:　　　　March 12, 2020<br>Time:　　　　2:00 p.m.<br>Judge:　　　Hon. Haywood S. Gilliam, Jr.<br>Courtroom:　2, 4th Floor<br><br>Compl. Filed:　February 12, 2016 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL ARGUMENT .......................................................................................................... 2

    A. Plaintiffs Were the Prevailing Parties ...................................................................... 2

    B. Plaintiff Should be Awarded Reasonable Attorneys' Fees Under California Code of Civil Procedure Section 1021.5 ............................................................................... 2

    C. Significant Benefit to Large Class ........................................................................... 3

    D. Necessity and Financial Burden Far Outweighs Plaintiff's Individual Interest ........... 4

    E. Interests of Justice Demand that No Fees Should be Paid out of Plaintiff's Recovery 5

    F. The Requested Fees are Reasonable Under the Lodestar Analysis .............................. 6

        1. Reasonable Rate ............................................................................................ 6

        2. Reasonable Hours ......................................................................................... 7

        3. Lodestar ........................................................................................................ 7

        4. There is No Cap on the Fees this Court may Award Under 42 U.S.C. §1988.. 8

III. CONCLUSION ..................................................................................................................... 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: 4:16-cv-00735-HSG                                                -i-
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF CISNEROS' MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borgerding v. State of California*
    (C.D. Cal 2015) 2015 U.S. Dist. LEXIS 193854 ............................................................................. 7

*Charlebois v. Angels Baseball LP*
    (C.D. Cal. 2012) 993 F. Supp. 2d 1109 ............................................................................................ 7

*Crommie v. Public Utils. Comm'n*
    (N.D. Cal 1994) 840 F. Supp. 719 .................................................................................................... 7

*Gates v. Deukmejian*
    (9th Cir. 1992) 987 F.2d 1392 .......................................................................................................... 8

*Graham v. DaimlerChrysler Corp.*
    (2004) 34 Cal. 4th 553 ...................................................................................................................... 3

*Indep. Living Ctr. of S. Cal. v. Kent*
    (C.D. Cal 2019) 2019 U.S. Dist. LEXIS 1329 ................................................................................. 5

*Jiminez v. Franklin*
    (9th Cir. 2012) 680 F.3d 1096 .......................................................................................................... 8

*Ketchum v. Moses*
    (2001) 24 Cal. 4th 1122 ................................................................................................................ 6, 7

*Keup v. Hopkins*
    (8th Cir. 2010) 596 F.3d 899 ............................................................................................................ 8

*Martinez v. Tully*
    (E.D. Cal. 1994)1994 U.S. Dist. LEXIS 20936 ................................................................................ 7

*Planned Parenthood v. Aakhus*
    (1993) 14 Cal. App. 4th 162 ............................................................................................................. 5

*Rodriguez v. County of Los Angeles*,
    (C.D. Cal. 2014) 96 F. Supp. 3d 1012 .............................................................................................. 2

*Serrano v. Unruh*
    (1982) 32 Cal. 3d 621 ....................................................................................................................... 3

*Shepard v. Goord*
    (2d Cir. 2011) 662 F.3d 603 ............................................................................................................. 8

*Sokolow v. County of San Mateo*,
    213 Cal. App. 3d 231 ........................................................................................................................ 7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Woodland Hills Residents Ass'n, Inc. v. City of Council of Los Angeles*
  (1979) 23 Cal. 3d 197 ................................................................................................4

**Statutes**

42 U.S.C. § 1988......................................................................................................1, 8, 9

42 U.S.C. § 1997e(d)(2).................................................................................................8

42 U.S.C. § 1998............................................................................................................2

Cal. Code Civ. Proc. §1021.5 ................................................................................ *passim*

Cal. Code Evid. §1152...................................................................................................4

## I. INTRODUCTION

Plaintiff Daniel Cisneros, an individual currently imprisoned by the State of California, brought his Complaint *pro se* to recover damages arising from the Defendants' violation of his constitutional and statutory rights. Defendant correctional officers engaged in "horse-play" with a military-grade chemical grenade, and their actions resulted in the grenade's tortious detonation near Mr. Cisneros' cell at Pelican Bay State Prison. At trial, Plaintiff demonstrated that the Defendants deprived Mr. Cisneros of necessary medical care and deliberately failed to decontaminate his living area from resultant excruciating chemicals, despite his cries for help. The jury unanimously concluded that Defendants' response – which all California Department of Corrections and Rehabilitation ("CDCR") witnesses claimed to be in compliance with CDCR policies and procedures – to be both negligent and cruel and unusual punishment in contravention of the 8th Amendment of the United States Constitution. Judgment was entered in Plaintiffs' favor.

As the prevailing party, on January 27, 2020, counsel for Cisneros submitted a motion seeking an award of attorneys' fees and a bill of costs incurred during the litigation of the egregious violations of Federal and California Constitutional, statutory, and common law that Plaintiff suffered. Plaintiff requested an award of fees pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure section 1021.5 in the amount of $454,137.30, plus a separate bill of costs of in addition for $6,545.93.[1] Defendants, in their opposition, argue that instead, Plaintiff should be awarded only $2,250 in attorneys' fees despite the statutory entitlement to the amount Plaintiff requested in its original motion. Defendants' Opposition to Plaintiff's Motion for Attorneys' Fees, at 2 ("Defs.' Opp'n"). Defendants attempt to twist the law in an attempt to minimize the figure they owe to Plaintiffs after their defeat at trial when, in reality, Plaintiff has a statutory entitlement to the award it originally requested in its motion on January 27, 2020 motion.

///
///
///

---

[1] See Plaintiff's Bill of Costs (doc # 222) filed January 27, 2020. To the extent that the actual requested amount of costs, $6,545.93 , was not accurately reflected in the motion, Plaintiff apologizes for such administrative error.

No.: 4:16-cv-00735-HSG -1-
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF CISNEROS' MOTION FOR ATTORNEYS' FEES AND COSTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II.   LEGAL ARGUMENT

### A.   Plaintiffs Were the Prevailing Parties

Plaintiffs Cisneros was the prevailing party in the underlying litigation. Ballentine's Law Dictionary defines the prevailing party to be "the party, who has made a claim against the other, [and] has successfully maintained it." 20 Am J2d Costs §§ 14, 15.  Defendants, in their opposition, argue that because Plaintiff's recovery was ultimately a small award, that therefore, "Cisneros can hardly claim to have achieved *any* success." Defs.' Opp'n at 3.  Plaintiff fails to see how achieving a jury verdict in plaintiff's favor and against two defendants for violations of state and federal law is, by any account, a lack of success.  Although the amount of the award was low, Plaintiff was still, by definition, the prevailing party at trial. 20 Am J2d Costs §§14, 15.

Thus, as the prevailing party, this court has the discretion to award reasonable attorneys' fees to Plaintiff under the California Code of Civil Procedure §1021.5 or the Prison Litigation Reform Act at 42 U.S.C. §1998.[2]

### B.   Plaintiff Should be Awarded Reasonable Attorneys' Fees Under California Code of Civil Procedure Section 1021.5

The California Code of Civil Procedure is available in federal proceedings, such as this underlying litigation, where the plaintiff prevailed on a state-law cause of action. *Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 1012, 1018 (C.D. Cal. 2014). This section provides:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make

---

[2] As Plaintiff set forth in his Motion for Attorneys' Fees, doc # 223, filed January 27, 2020, a fee award under California Code of Civil Procedure section 1021.5 is appropriate "in any action which has resulted in the enforcement of an important right affecting the public interest," including the PLRA. Further, courts may allow the prevailing party "a reasonable attorneys' fee as part of the costs under the Prison Litigation Reform Act.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Despite the fact that the section is phrased as permitting the court to do so, in reality, the California Supreme Court held that the section "<u>requires</u> a full fee award unless special circumstances would render such an award unjust." *Serrano v. Unruh* (1982) 32 Cal. 3d 621 (emphasis added). As demonstrated in Plaintiff's original Motion for Attorneys' Fees, all elements that are required for a fee award under this section are met, and thus the Court should award Plaintiff's counsel reasonable attorneys' fees.

**C.      Significant Benefit to Large Class**

Plaintiff demonstrated in his Motion for Attorneys' Fees that this element is met.  The first element of Section 1021.5 requires that whether the "action served to vindicate an important right so as to justify an attorney fee award[.]" *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal. 4th 553, 566.  An important right was vindicated in this case because a chief issue in this litigation was Defendant's failure to respond to the prisoners' exposure to the oleoresin capsicum ("OC"), which the jury determined was cruel and unusual punishment, a violation of Plaintiff's 8th amendment constitutional rights. Thus, because "a right of constitutional dimension" was vindicated, the first element is met. *Woodland Hills Residents Ass'n, Inc. v. City of Council of Los Angeles* (1979) 23 Cal. 3d 917, 925.

Furthermore, this case will benefit a large class of people, because, as Defendants' council indicated, this was CDCR's "test case" for indirect exposure to OC. This "test case" indicated that the response to this incident (or lack of thereof) was negligent and unconstitutional. Defendants, in their opposition, attempt to argue that this case was an "isolated incident that affected only the parties involved," but that is simply untrue. To the contrary, because the result of this "test case" was in favor of Plaintiffs, all CDCR prisoners may benefit from this precedent. Over 120,000 people are imprisoned in the State of California. This is undoubtedly a "large class" of persons that will benefit from the results of CDCR's failed "test case."

In its opposition, Defendant argues that Plaintiff "impermissibly and inaccurately" revealed confidential settlement discussions by explaining that, in its motion, Defendant indicated that this

case was a "test case." Ironically, Defendant also "impermissibly" reveals information regarding these same settlement discussions throughout its opposition, but, in the interest of limiting the scope of this reply, Plaintiff will not object to those revelations.

California Evidence Code §1152 makes confidential settlement discussions inadmissible at trial to prove liability for loss or damage. Here, Plaintiff does not seek to admit confidential settlement discussions as evidence in trial; the verdict has already been entered for Plaintiff. Instead, Plaintiff introduces this information into his post-trial motion for attorneys' fees in an effort to demonstrate to the court the amplified burden on Plaintiffs throughout this litigation, caused by defendants' intent to litigate this case through trial, regardless of the merits, presumably as a litmus test for its potential liability in other similar incidents.

Both declarations filed in support of Defendants' opposition indicate that it was Magistrate Judge Illman who initially asked whether this should be a "test case." Defs.' Opp'n at 5. However, neither declaration, nor the opposition itself, mentions that Defendants' counsel thereafter agreed with the Judge's assessment of this case as a "test case." Defendant seems to find it significant that it was the Judge who affirmatively stated that this is a "test case," whereas Plaintiff only finds significant Defendants' agreement to this statement. Plaintiff would rather not expend the Court's time mincing words and only seeks to indicate that, during this conversation, Defendants agreed that this case was, in fact, a "test case" in an attempt to better understand their future liability.

**D.      Necessity and Financial Burden Far Outweighs Plaintiff's Individual Interest**

Plaintiff demonstrated in its Motion for Attorneys' Fees that this element is met. In order to satisfy this section, Plaintiff must demonstrate that "the cost of the claimant's legal victory transcend[s] his personal interest, that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff 'out of proportion to the individual stake in the matter.'" *Woodland Hills Residents Ass'n, Inc. v. City of Council of Los Angeles* (1979) 23 Cal. 3d 197, 941.

As above-explained, Defendants decided to use this case as a "test case," and as such, rejected early, reasonable settlement offers by the Plaintiffs. It is apparent that Defendant's rejection of these offers was unreasonable because, when the jury was asked to find the defendants responsible and award the Plaintiffs $5,000 in damages, which was the same amount Plaintiffs

offered to settle the case in January 2018, the jury did so unanimously. However, in order for this case to be used as a "test case," defendants insisted on heavily litigating this case, which greatly increased the burden on Plaintiffs to demonstrate the negligent and unconstitutional actions of CDCR.

The Defendants, in their opposition, argue that because Cisneros sought only monetary damages, his victory did not "transcend [his] personal interest in the subject of the suit." Defs.' Opp'n at 11. There is no such rule requiring that a Plaintiff seek relief outside of monetary damages in order to demonstrate that this element has been met. Instead, California courts require Plaintiff to demonstrate "that the cost of the litigation to the plaintiff be disproportionate to the plaintiff's individual stake in the outcome." *Planned Parenthood v. Aakhus* (1993) 14 Cal. App. 4th 162, 173; *see also Indep. Living Ctr. of S. Cal. v. Kent* (C.D. Cal 2019) 2019 U.S. Dist. LEXIS 1329.

Here, Defendants allege that the actions of the CDCR officers in question were in line with CDCR policies and procedures. Plaintiffs' lawsuit was legally necessary in order to prove that these actions, in alignment with the policies and procedures, constitute violations of the prisoners' state and federal rights. Further, Plaintiff Cisneros received a small figure for his damages – Defendant so admits in his opposition that this was a "low jury award." Defs.' Opp'n at 3. Therefore, here, the cost of Cisneros's legal victory "transcends his personal interest in the subject of the suit." *Planned Parenthood*, 14 Cal. App. at 173. This element is met.

**E.     Interests of Justice Demand that No Fees Should be Paid out of Plaintiff's Recovery**

This third element is also met. The interests of justice dictate that Plaintiff be fairly compensated for his injuries, and such he should not have to pay fees out of his already reduced jury award.[3]  This amount was reduced when the court determined that Defendant Cupp was immune from money damages as a matter of law.  In granting Cupp's post-trial motion, the court did not find that Cisneros suffered *less* than $5,000.00, but only that Cupp was immune from paying the $2,500 in damages that the jury found him responsible for. Thus, Mr. Cisneros suffered, at a minimum, $5,000 in actual damages.

---

[3] The Jury awarded Mr. Cisneros a total of $5,000.00 for his damages.

It would be unjust to require that Mr. Cisneros to pay a portion of his reduced damages award to fees under this section. Instead, justice requires that Mr. Cisneros *not* contribute any portion of his recovery towards attorneys' fees awarded under this section. Further, even if Mr. Cisneros were required to pay the $2,500 out of his recovery, this would not nearly be enough to cover the amount of attorneys' fees reasonably incurred in this case.

Defendants argue that this action was not "necessary to protect the public from officers who may have not acted according to the policy." Defs.' Opp'n at 12. However, this argument is irrelevant. Plaintiff did not bring this action to protect the public from officers who act out of accordance with the relevant policies; Plaintiff brought this action to protect the public from policies that, when followed, result in a violation of prisoners' state and Constitutional rights. The instant offending conduct occurred *as a matter of policy*, as Defendants' witnesses testified. California prisoners will now be able to benefit from this case to protect their own rights in the future.

There is no dispute that Plaintiff incurred injuries as a result of this conduct, and it is only just to compensate Plaintiff for those injuries. Because that recovery was "a low jury award" (Defs. Opp'n at 3), the fees requested in the Motion for Attorneys' Fees should not be paid out of Mr. Cisneros's already small recovery. Therefore, despite Defendants' attempt to demonstrate otherwise, all three elements of section 1021.5 are satisfied, and the Plaintiffs are entitled to an award of reasonable attorneys' fees as the prevailing party in this case.

**F.     The Requested Fees are Reasonable Under the Lodestar Analysis**

Under California Code of Civil Procedure section 1021.5, attorneys' fees should be calculated "with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type." *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1133. The hourly rate requested, and the hours spent, in the preparation for and litigation of this matter, are reasonable in light of the prevailing rates in the legal community in conducting litigation of the same type.

**1.     Reasonable Rate**

A reasonable hourly rate is defined as the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum*, 24 Cal. 4th at 1133. As was demonstrated in

Plaintiff's Motion for Attorneys' Fees and associated declaration, the requested rates of all attorneys who worked on this matter are reasonable and in line with other plaintiffs' attorneys who have practiced for a similar amount of time in the same geographic area.

Further, these rates are made more reasonable by the fact that Plaintiff's counsel took this case on a contingency basis. There is an inherent risk in doing so. This justifies an hourly rate at the higher end of reasonable. *See Ketchum,* 24 Cal. 4th at 1133.

### 2. Reasonable Hours

Plaintiff's counsel spent more than [1,363.40 hours before trimming] on this case to date, but seeks fees for only 1,209.50 hours. This is unequivocally reasonable given the amount of effort and time that was required in order to overcome Defendants' "test case," including a motion for judgment on the pleadings, unnecessary discovery disputes, depositions all over the State of California, expensive experts, motion for summary judgment a jury trial, and post-trial motions.

The Plaintiffs remind the Court that defendant does not challenge number of hours spent by Plaintiff.

### 3. Lodestar

Multiplying the reasonable rate for each attorney by his or her requested hours, results in a total of $454,137.30 expended on this case. Adding to the reasonableness of Plaintiff's request, Plaintiff is not requesting a multiplier, despite his ability to do so. *See Ketchum*, 24 Cal. 4th at 1139 (holding that "a trial court should award a multiplier for exceptional representation.")

Despite Defendant's arguments to the contrary, comparable fee awards in similar cases show that Plaintiff's request for fees is reasonable. *See, e.g., Borgerding v. State of California* (C.D. Cal 2015) 2015 U.S. Dist. LEXIS 193854 (awarding $289,590 in attorneys' fees and $4,814.36 under 42 U.S.C. §1988, after a unanimous jury verdict for Plaintiffs of $50,000); *Martinez v. Tully* (E.D. Cal. 1994)1994 U.S. Dist. LEXIS 20936 (awarding $278,241 in fees under 42 U.S.C. §1988); *Crommie v. Public Utils. Comm'n* (N.D. Cal 1994) 840 F. Supp. 719 (awarding $637,440 in attorneys' fees under Cal. Code of Civ. Proc. §1021.5); *Sokolow v. County of San Mateo*, 213 Cal. App. 3d 231 (overturning trial court's denial of attorneys' fees and finding that Plaintiffs were entitled to attorneys' fees under both 42 U.S.C. §1988 and Cal. Code Civ. Proc. §1021.5); *Charlebois v. Angels*

*Baseball LP* (C.D. Cal. 2012) 993 F. Supp. 2d 1109 (awarding Plaintiff's counsel $745,520.37 in attorneys' fees and $47,167.52 in costs under Cal. Code Civ. Proc. §1021.5.).

### 4. There is No Cap on the Fees this Court may Award Under 42 U.S.C. §1988

As Plaintiff explained in his original motion for attorneys' fees, although case law suggests that the PLRA caps fee awards under 42 U.S.C. §1988 at 150% of the monetary judgment, Plaintiff contends that this cap does not apply to awards under 42 U.S.C. §1997e(d)(2). This court has the discretion to award fees to Plaintiff under this subsection, and accordingly should exercise its discretion to do so. *See Gates v. Deukmejian* (9th Cir. 1992) 987 F.2d 1392, 1397 ("Section 1988 authorizes a court 'in its discretion' to 'allow the prevailing party… a reasonable attorney's fee in actions brought pursuant to certain enumerated civil rights statutes[.]")

The Ninth Circuit addressed the capped fee awards under section 1988 in *Jiminez*, and cited to several out-of-circuit cases that described the statutory language imposing this fee cap as "ambiguous," *Shepard v. Goord* (2d Cir. 2011) 662 F.3d 603, 607, and "awkwardly worded," *Keup v. Hopkins* (8th Cir. 2010) 596 F.3d 899, 905. *Jiminez v. Franklin* (9th Cir. 2012) 680 F.3d 1096, 1100. Subdivision §1997e(d)(2) provides that, "[w]henever a monetary judgment is awarded in an action… a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorneys' fees awarded against the defendant… If the award of attorneys' fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." It is this final sentence that has been described as "ambiguous" and "awkwardly worded."

As explained in Plaintiff's Motion for Attorneys' Fees, this subdivision, when properly read, only relates to the amount of attorneys' fees a successful plaintiff must pay his or her attorneys after winning a money judgment against prison officials. If this subdivision were meant to be a cap on attorneys' fees, it would have been included under subdivision (d)(1). But, because this language was included in subdivision (d)(2), it cannot be interpreted as a generally applicable cap on attorneys' fees. There is no cap on what a court may award in fees under this subdivision, regardless of what a party may ultimately have to pay under this subdivision.

Plaintiff's counsel understands that this court is bound by the holding of *Jiminez*, and thus again raises this issue to preserve it for appeal. If the court finds California Code of Civil Procedure

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

section 1021.5 inapplicable here, Plaintiff and his counsel request the maximum fees allowable under §1988, up to $454,137.30 in attorneys' fees.

### III. CONCLUSION

For the above reasons, this Court should grant Plaintiff's motion for attorney's fees and award counsel $454,137.30 in reasonable attorneys' fees under either Code of Civil Procedure section 1021.5, or under 42 U.S.C. §1988, up to $454,137.30.

DATED: February 18, 2020

REED SMITH LLP

By: */s/ Britt M. Roberts*
David E. Weiss
Britt M. Roberts
*Pro Bono Attorneys for Plaintiff Daniel Cisneros*

No.: 4:16-cv-00735-HSG           -9-
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF CISNEROS' MOTION FOR ATTORNEYS' FEES AND COSTS