UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CISNEROS,<br><br>    Plaintiff,<br><br>v.<br><br>J. VANGILDER, et al.,<br><br>    Defendants. | Case No. 16-cv-00735-HSG<br><br>**ORDER DENYING MOTION TO VACATE ORDER DENYING ATTORNEYS' FEES**<br><br>Re: Dkt. No. 233 |

Pending before the Court is a motion to vacate the Court's February 3, 2021 Attorneys' Fees Order, filed by counsel for Plaintiff Daniel Cisneros. Dkt. No. 233.

**I.  DISCUSSION**

The parties are familiar with the facts of this case, so the Court only briefly addresses them here. On June 21, 2019, the jury returned a verdict in favor of both Plaintiff Cisneros and Plaintiff Daniel Manriquez in the related case *Manriquez v. Vangilder*, 16-cv-01320-HSG. *See* Dkt. No. 206. Final judgment was subsequently entered in favor of each Plaintiff against Defendants Vangilder (in the amount of $1,000) and Vasquez (in the amount of $1,500). *See* Dkt. No. 220, 221. On February 3, 2021, the Court granted in part Plaintiff Manriquez's motion for attorneys' fees, awarding $259,237.50 in attorneys' fees to Plaintiff Manriquez as a prevailing party under California Code of Civil Procedure § 1021.5. *See* Dkt. No. 230. In its discretion, the Court denied Plaintiff Cisneros' motion for attorneys' fees. *Id.* Reed Smith LLP, Counsel for Plaintiff Cisneros, appealed this order to the Ninth Circuit, Case No. 21-15363, and now asks the Court to reconsider its order under Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 233.

Counsel contends that the Court "made a mistake of law when it denied Cisneros's motion for attorneys' fees based on Reed Smith's pro bono representation and the law firm's size." *See*

*id.* at 4. In short, counsel suggests that having found that Plaintiff Cisneros was a successful party under § 1021.5, the Court must award fees of $259,237.50, just as it did for Plaintiff Manriquez.

Counsel cites to a California Court of Appeal case, *Rogel v. Lynwood Redevelopment Agency*, which rejected the application of a negative multiplier in setting the lodestar for an attorneys' fees award for pro bono counsel against a local government agency under § 1021.5. 194 Cal. App. 4th 1319, 1332 (Cal. Ct. App. 2011). In *Rogel*, the agency had argued that it could not afford to pay the requested attorneys' fees as doing so would "harm[] its affordable housing mission . . . ." *Id.* at 1326. The trial court agreed with the agency, reasoning that "it would be 'better' for less money to be paid to the prevailing parties for their attorneys' fees so as to leave the agency with more money for its ongoing governmental operations." *Id.* at 1321. The court further explained that the agency's "financial condition 'was the most compelling reason for reducing the fees,'" and that "[i]t seem[ed] as though the money should be spent in [the city] and not on the lawyers." *Id.* at 1328. The Court also "noted the pro bono nature of the lawyers' work as a factor for applying a negative multiplier," finding "an award of millions of dollars of in attorneys' fees unreasonable and excessive when most of the work . . . by Plaintiffs' counsel was pro bono." *Id.* The court thus reduced the attorneys' lodestar from approximately $2.7 million to $540,000. *Id.* In reversing the order, the Court of Appeal explained that the court erred, *inter alia*, in reducing the attorneys' lodestar based on their pro bono status because "public interest litigation should not have to rely on the charity of counsel . . . ." *Id.* at 1332–33.

Here, the Court did not conclude that counsel could not recover fees because it represented Plaintiff on a *pro bono* basis. *See* Dkt. No. 230 at 12. To the contrary, the Court explicitly stated that "representing a party pro bono does not, on its own, preclude counsel from recouping attorneys' fees." *Id.* at 13 (citing General Order No. 25). Rather, the Court considered the totality of the circumstances "to balance the interests of fairness and proportionality" in deciding whether and how to exercise its discretion to award attorneys' fees. *See id.* at 13. This included (1) the modest jury verdict and scale of the public benefit derived from this case[1]; (2) the risk counsel

---

[1] The Court notes that it was a very close call whether attorneys' fees could be awarded at all in these cases under California Code of Civil Procedure § 1021.5. To award fees under the statute,

2

took representing Plaintiff Cisneros in this action, including the risk to its work for existing clients, the development of new work, and the profitability of the large, nationwide firm; and (3) counsel's performance throughout the litigation. *Id.* at 13–14.

In its analysis, the Court of Appeal in *Rogel* acknowledged that the California Supreme Court has upheld consideration of similar factors in setting an attorneys' fees award. *See Rogel*, 194 Cal. App. 4th at 1329 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 48–49 (1977) (en banc)). In *Serrano v. Priest*, the California Supreme Court identified the following factors:

> (1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (4) the fact that an award against the state would ultimately fall upon the taxpayers; [and] (5) the fact that the attorneys in question received public and charitable funding for the purpose of bringing law suits of the character here involved . . . .

*Serrano*, 20 Cal. 3d at 49. The California Supreme Court found that consideration of these factors—as considered here—was not an abuse of discretion, and upheld the attorneys' fee award. *Id.* at 50.

The Court understands that Reed Smith also believes that it received disparate treatment as compared to the Singleton Law Firm, A.P.C. *See* Dkt. No. 233 at 5–7. That Reed Smith may have spent approximately 95 more hours on this case than the Singleton Law Firm, *see id.* at 6, however, says nothing about the relative risks incurred by the firms. The Court further notes that attorney Brody McBride from the Singleton Law Firm performed exceptionally during the trial, particularly during Plaintiffs' closing argument.

The Court reiterates its appreciation for Reed Smith's willingness to represent Plaintiff

---

the plaintiff must be a successful party in an action resulting in the enforcement of an important right affecting the public interest. *See Vasquez v. State of California*, 45 Cal. 4th 243, 250–51 (Cal. 2008), *as modified* (Dec. 17, 2008). And here, the cases arose from the negligent discharge of a T-16 oleoresin capsicum ("OC") chemical grenade in the control booth of a housing unit at Pelican Bay State Prison. Although the use of chemical agents like OC is not uncommon in CDCR facilities, there was no evidence in the record that the accidental discharge of such chemical grenades—such as occurred here—is common at Pelican Bay specifically or in CDCR facilities more generally.

3

Cisneros *pro bono* in this case, but again declines to award attorneys' fees given the totality of the circumstances. The Court hopes that counsel will nonetheless continue to provide high-quality *pro bono* legal representation in future cases.

**II. CONCLUSION**

The Court **DENIES** the motion.

**IT IS SO ORDERED.**

Dated: 5/4/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge